IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-93 |
| | ) | Judge Nora Barry Fischer |
| KARL EDWARD WILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On March 13, 2018, Defendant Karl Edward Wiley was charged in a Superseding Indictment with one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (Docket No. 137). Defendant, who is proceeding *pro se* with the assistance of standby counsel, has filed a motion to suppress evidence (Docket No. 329), which is scheduled for a hearing on May 30, 2019. Defendant has also filed the following pretrial motions, which do not require a hearing: (1) motion for return of property (Docket No. 328); (2) motion to dismiss the Superseding Indictment for lack of criminal subject matter jurisdiction (Docket No. 321); (3) motion to dismiss the Superseding Indictment for lack of sufficiency (Docket No. 398); and (4) motion to compel discovery and for a bill of particulars (Docket No. 438). After considering Defendant's motions, the Government's responses thereto (Docket Nos. 368, 453) and the relevant portions of the record, Defendant's motions are denied.

### I.     Motion for Return of Property

Defendant seeks the return of property which he claims was seized by federal agents and the Boardman Police Department following his arrest, including his wallet, cell phones, laptop computer, personal documents, pickup truck and other miscellaneous items. (Docket No. 328 at 1). Defendant contends that his property should be returned because the criminal investigation

1

was terminated prior to his arrest and the property is not contraband. *Id.* The Government responds that the items Defendant seeks are contraband and evidence of his crimes which the Government intends to use in its case-in-chief at trial and, as such, they cannot be returned at this time.[1] (Document No. 368 at 14).

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). "Generally, a Rule 41[g] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Id.* (internal quotation marks and citation omitted).

Here, the criminal proceedings against Defendant are ongoing, as he has a pending suppression motion and his trial is currently scheduled to occur in September 2019, thus he bears the burden of establishing he is entitled to the property. Defendant has not met that burden. Since the Government intends to use the items Defendant seeks as evidence at trial, its need for those materials continues and Defendant's motion is denied.[2] *See United States v. Thomas*, 74 F. App'x 189, 192 (3d Cir. 2003) ("The Government's intent to use property as evidence is a continuing interest which can prevent return of property under Rule 41[g]."); *United States v. Staton*, Crim. No. 10-800-01, 2012 WL 2159355, at *6 (E.D. Pa. June 14, 2012) (denying motion for return of property where the Government intended to use the evidence to prove its case at trial).

---

[1] As to Defendant's claim that the Boardman Police seized evidence from him, the Government responds that the Boardman Police conducted a traffic stop of a pickup truck registered to Defendant, but driven by another individual, and counterfeit documents were seized from the vehicle. (Docket No. 368 at 15). As the Government intends to use this evidence at trial, it cannot be returned at this time as explained herein.

[2] To the extent Defendant seeks the return of any counterfeit documents or stolen identities, such items also cannot be returned because they are contraband. *Chambers*, 192 F.3d at 377 (motion for return of property is properly denied if the property is contraband).

## II. Motions to Dismiss Superseding Indictment for Lack of Criminal Subject Matter Jurisdiction and for Lack of Sufficiency

Defendant argues that the Superseding Indictment should be dismissed because the Court lacks subject matter jurisdiction "over the offense of the crime to negotiate counterfeit checks at casinos for cash . . . ." (Docket No. 321 at 1). According to Defendant, the counterfeit checks that he and his co-conspirators presented and negotiated at the casinos were "without signatures," thus they were non-negotiable instruments and did not meet the definition of a "security" under 18 U.S.C. § 513. *Id.* at 2. Defendant repeats this argument in his motion to dismiss the Superseding Indictment for lack of sufficiency, and also contends that it should be dismissed for failure to state an offense. (Docket No. 398).

First, Defendant is not charged with violating 18 U.S.C. § 513, thus his argument concerning that section is irrelevant. As stated, Defendant is charged with one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Pursuant to 18 U.S.C. § 3231, the Court has subject matter jurisdiction in this case, as Defendant is charged with violating two federal criminal laws. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."); *United States v. Potts*, 251 F. App'x 109, 111 (3d Cir. 2007) ("[W]here an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment."). Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

Next, contrary to Defendant's claim, the Superseding Indictment properly states the offenses of conspiracy and aggravated identify theft. The Federal Rules of Criminal Procedure require that an indictment be a plain, concise and definite written statement of the essential facts

constituting the offense charged. *See* Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it includes the elements of the offense charged, apprises the defendant of what he must be prepared to defend against at trial, and enables him to plead an acquittal or conviction as a bar to subsequent prosecutions for the same offense. *United States v. Rawlins*, 606 F.3d 73, 78-79 (3d Cir. 2010); *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007). Here, the Superseding Indictment meets all of these requirements, thus Defendant's motion to dismiss for lack of sufficiency is denied.

### III. Motion to Compel Discovery and for a Bill of Particulars

On April 16, 2019, Defendant submitted a letter to the Court claiming that he was hindered from filing pretrial motions because he "never had any opportunities" to view his discovery material prior to the established deadline for filing the motions on April 8, 2019.[3] (Docket No. 438). Defendant requested that his letter "be construed as a written motion to compel discovery and a motion for bill of particulars," and the Court has considered it as such. (*Id.*). The Court notes that Defendant does not identify the discovery material he seeks.

As to Defendant's discovery motion, the Government's response indicates that it has complied with its discovery obligations under Fed. R. Crim. P. 16, as evidenced by two Rule 16 receipts filed in this case. (Docket Nos. 101, 175, 453 at 2-4). The Government further outlines the opportunities that have been extended to Defendant to review his discovery material, including the fact that Rule 16 discovery material and other evidence was compiled on an external hard drive

---

[3] Defendant lists a number of motions he was purportedly hindered from filing, including a "motion for suppression and return of property seized without search warrant." (Docket No. 438). Contrary to Defendant's claim, he previously filed a suppression motion, which is scheduled for a hearing on May 30, 2019, and he also filed a motion for return of property, which is addressed above. As discussed herein, Defendant was not otherwise prevented from filing any motions.

4

and provided to Attorney Dietz in June 2018.[4] *See* Docket Nos. 453 at 5, 453-1, 453-2. In addition, at a five-hour session on September 27, 2018, four agents from the Department of Homeland Security made available for Defendant's review all digital, audio and physical evidence accumulated in the investigation. (Docket Nos. 453 at 5-6, 453-3). According to the Report of Investigation documenting that session, "[t]he discovery session with Wiley concluded at approximately 1600 hours as Defense Attorney Dietz and Wiley advised they had sufficient time to review the discovery." (Docket No. 453-3 at 2).

At a status conference held on February 8, 2019, Defendant requested paper copies of the discovery he previously reviewed at the session on September 27, 2018. As the Government correctly notes, Defendant's request is not permissible in view of the protective order in this case, which provides that discovery materials "will not be provided to, or kept by, a defendant, except that defendant's counsel may take the materials to a defendant and show them to a defendant." (Docket No. 236). Although Defendant is not permitted to have paper copies of the discovery, Government counsel suggested at the February 8th status conference that Defendant send a letter indicating the material he wanted to review and offered to arrange for him to review it at the Courthouse. (Docket No. 451 at 13). Defendant agreed that procedure was acceptable. *Id.*

Defendant also was granted an extension of time at the February 8th status conference to file all pretrial motions he wished to file by April 8, 2019, and the Court's Order provided that "[n]o further extensions will be granted." (Docket No. 402). Despite Defendant receiving a final two-month extension to again review discovery and prepare pretrial motions, the Government did

---

[4] The categories of items on the external hard drive include the following: (1) reports of investigation, indictment reports, seizures and collateral requests; (2) redacted Homeland Security Intelligence Reports; (3) DiTronics Financial Services LLC transaction reports; (4) DMV applications; (5) seized electronic media contents; (6) spreadsheets; (7) Allegheny County Jail phone calls; (8) images of fraudulently obtained state IDs; (9) scanned hard copy evidence; and (10) a Dollar Bank grand jury subpoena. *See* Docket Nos. 453 at 5; 453-2.

not receive any letter or further request from him to review discovery. (Docket No. 453 at 2, n.1 and 7). During the extension period, Defendant did not contact the Court concerning any alleged difficulty accessing discovery and/or preparing pretrial motions until he filed his letter motion to compel on April 16, 2019, *after* the established deadline passed.

In sum, the record before the Court indicates the following: (1) the Government has made discovery available for Defendant's review since June 2018; (2) Defendant previously reviewed discovery in-person at the Courthouse in September 2018; (3) Defendant sought and obtained numerous extensions of time to file pretrial motions in this case and ultimately filed several motions, including a motion to suppress evidence; (4) in February 2019, Defendant indicated he wanted to review the discovery again and file additional pretrial motions; (5) the Government suggested that Defendant send a letter identifying the discovery he wished to review and the Government would arrange for that to occur at the Courthouse; (6) Defendant agreed to that procedure; (7) the Court granted Defendant a two-month extension to review discovery and file all pretrial motions by April 8, 2019; (8) the Government did not receive a request from Defendant to review discovery material; and (9) Defendant never advised the Court at any time between February 8 and April 8, 2019, that he made a request to review discovery, which the Government refused, or that he anticipated having any difficulty filing pretrial motions by the deadline of April 8, 2019. Under these circumstances, the Court finds that Defendant has had ample opportunity to review the discovery in this case, and his claim that he was hindered in filing pretrial motions is

not supported by the record.[5] Accordingly, Defendant's motion to compel unspecified discovery is denied.

Likewise, Defendant's request for a bill of particulars, which is unsupported by any reason why such relief is warranted, is denied. A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted). The purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against him so as to enable him to adequately prepare his defense, to avoid surprise during the trial, and to protect him against a second prosecution for an inadequately described offense. *Id.* The granting of a bill of particulars is within the discretion of the district court. *United States v. Adams*, 759 F.2d 1099, 1113 (3d Cir. 1985).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the government's investigation, but rather to give the defendant only that minimum amount of information necessary to allow him to conduct his own investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Here, the Superseding Indictment sufficiently provides the particulars of the offenses to place Defendant on notice of that with which he has been charged and to permit him to conduct his own investigation. In addition, the Government's response describes the conspiracy scheme Defendant is alleged to have perpetrated, *see* Docket No. 368 at 1-4, and Defendant has been provided ample opportunity to review the discovery in this case as discussed above. *See Urban*, 404 F.3d at 772 (denying bill of particulars where indictment provided more than enough information to prepare effective defense strategy and the defendant

---

[5] Defendant's assertion that he never had the opportunity to review discovery and he was hindered in filing pretrial motions by the established deadline is further belied by the fact that Government counsel has generously consented to numerous extensions of time for Defendant to file pretrial motions, and Defendant has Attorney Dietz, who is a well-regarded and very experienced federal court practitioner, available as standby counsel to assist him. In addition, when the Court conducted a colloquy on Defendant's request to proceed *pro se*, he assured the Court that he was capable of managing all aspects of his defense, including the responsibility to meet all deadlines set by the Court.

had access through discovery to evidence relied upon by the Government). Given the Superseding Indictment itself along with the other information supplied by the Government, Defendant has been sufficiently apprised of the particulars of the charges against him to permit him to prepare for trial. Accordingly, Defendant's request for a bill of particulars is denied.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 28th day of May, 2019, IT IS HEREBY ORDERED that the Motion for Return of Property (Docket No. 328), Motion to Dismiss the Superseding Indictment for Lack of Criminal Subject Matter Jurisdiction (Docket No. 321), Motion to Dismiss the Superseding Indictment for Lack of Sufficiency (Docket No. 398), and Motion to Compel Discovery and for a Bill of Particulars (Docket No. 438) filed by Defendant Karl Edward Wiley are DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Karl Edward Wiley (via U.S. mail)